IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED FIRE & CASUALTY COMPANY,
An Iowa Stock Insurance Company,

**Plaintiff,**

v.

WAL-MART STORES, INC., R.G. BRINKMANN
COMPANY, REDNOUR STEEL ERECTORS, INC.,
JAY C. JEFFERS and SHERRY JEFFERS,

**Defendants.**                                                                 No. 09-309-DRH


WAL-MART STORES, INC.,

**Counterplaintiff,**

v.

UNITED FIRE & CASUALTY COMPANY,
An Iowa Stock Insurance Company,

**Counterdefendant**

## ORDER

**HERNDON, Chief Judge:**

      Before the Court is an Agreed Motion for Voluntary Dismissal Pursuant to Rule 41(a)(2) (Doc. 78) stipulated and agreed to by all of the parties. Both Plaintiff and Defendants agree that their Complaint and Counterclaim should be dismissed without prejudice pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)** with each party to bear their own costs. The parties' Complaint and Counterclaim initially sought declarations regarding the coverage for Wal-mart in a case pending in St.

Clair County, Illinois.  Specifically, the parties sought a declaration as to whether Plaintiff had a duty to defend Defendant Wal-mart in the litigation pending in state court.  However, the parties state that Defendant Wal-mart has been voluntarily dismissed from that state case and thus the issue of coverage for Wal-mart, the basis of Plaintiff's Complaint and Defendant's Counterclaim, are now currently moot.[1]  Based on the reasons in the motion, the Court **GRANTS** the parties Agreed Motion for Voluntary Dismissal Pursuant to Rule 41(a)(2) (Doc. 78).  The Court **DISMISSES without prejudice**, with each party to bear their own costs, Plaintiff's claims against Defendants, as well as Defendant Wal-mart's claims against Plaintiff.   The Court will close the file.

**IT IS SO ORDERED.**

Signed this 29th day of April, 2010.

/s/  David R Herndon

**Chief Judge
United States District Court**

---

[1] The parties agree that should Wal-mart be rejoined as a party in the state case the issue regarding coverage would again present itself, requiring further litigation.  Thus, the parties seek to dismiss this case without prejudice.